# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action Number _____

William K. Lambooy,
      Plaintiff,

v.

David A. Kraft & Associates, LLC, a Missouri Limited Liability Company,
Hunter Warfield, Inc, a Maryland corporation,
      Defendants.

---

## COMPLAINT

---

1. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C .1331 because the Plaintiff's claims arise out of a federal statute; to wit – 15 U.S.C. 1692, et seq.

2. The Plaintiff is a resident of Jefferson County, Colorado.

3. Defendant David A. Kraft & Associates, LLC ("Kraft") is a Missouri Limited Liability Company with its principal place of business located at 404 Belleview Tower 4700 Belleview Boulevard, Kansas City MO 64112.

4. Defendant Hunter Warfield, Inc ("Hunter") is a Maryland corporation with its principal place of business located at 4620 Woodland Corporate Blvd., Tampa, FL 33614.

5. Venue is appropriate in Colorado because the Defendants regularly collect debts in Colorado and the Plaintiff resides in Colorado.

6. On September 4, 2009, the Plaintiff and his wife executed a lease with "Parc Belmar" for the rental of an apartment.

7. On March 3, 2010, the Plaintiff decided to terminate the lease and gave 60 days notice so that the lease would terminate on May 3, 2010.

8. The lease between the Plaintiff and "Parc Belmar" does not authorize a termination fee of $1,447.50.

9. On May 3, 2010, after the Plaintiff and his wife moved out of Parc Belmar, Parc Belmar charged them with a "termination fee" of $1,447.50, which was not authorized by the lease.

10. On August 9, 2010, Defendant Hunter sent the Plaintiff a letter demanding payment of $1,319.04 and informing the Plaintiff that it had or would report the debt to a credit reporting agency if payment was not made.

11. On November 30, 2011, Defendant Hunter sent the Plaintiff a letter demanding payment of $1,351.68 and advised the Plaintiff that it was reviewing the account for "possible legal action."

12. On information and belief, Defendant Hunter does not sue people in Colorado to collect debts.  Plaintiff bases the foregoing allegation on the fact that a search on Lexis Nexis revealed that Hunter filed no lawsuits in Denver County to collect a debt from a consumer in the past 3 years.

13. The amounts that Hunter sought from the Plaintiff represented the $1,447.50 termination fee, less the security deposit and some other miscellaneous credits.

14. On December 21, 2011, Defendant Kraft sent Plaintiff a notice that he had 30 days to dispute the debt.

15. On January 18, 2012, the Plaintiff mailed a letter back to Kraft via certified mail disputing the debt and requesting a "verification" of the debt.

16. On February 3, 2012, Defendant Kraft wrote the Plaintiff back a letter basically saying, yes, you do owe the debt, and the attached lease proves it.  The problem with Defendant Kraft's "verification" was that the lease did not authorize a termination fee of $1,447.50.

### COUNT I, FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### Against Defendant Hunter Only

17. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

18. Plaintiff is an individual consumer as defined by the FDCPA.

19. The debt that Hunter was trying to collect from the Plaintiff was a consumer debt because the apartment was rented for his own personal use.

20. Defendant Hunter is a debt collector as that term is defined in the FDCPA because it regularly attempts to collect debts allegedly due another through the use of the U.S. Mails and telephones in interstate commerce.

21. Defendant Hunter violated the FDCPA by attempting to collect "any amount not authorized by the agreement creating the debt" by attempting to collect the $1,447.50 termination fee which was not authorized by the underlying agreement – 15 U.S.C. 1692f(1).

22. Defendant Hunter violated the FDCPA by falsely advising the Plaintiff that it was reviewing his account for possible legal action when in fact it was not considering suing the Plaintiff.  This statement is false and deceptive – 15 U.S.C. 1692e(10) and 15 U.S.C. 1692f.

23. Defendant Hunter violated the FDCPA by reporting false information to the three major credit bureaus about the Plaintiff.  15 U.S.C. 1692e(8).

24. Defendant Hunter's violations of the FDCPA caused the Plaintiff actual damages because the Plaintiff was worried that Hunter would sue him and his credit score was damaged by Hunter's false credit reporting and Hunter damaged the Plaintiff's reputation.

25. Defendant Hunter is therefore liable to Plaintiff for actual damages, statutory damages of $1,000, together with reasonable attorney fees and costs pursuant to 15 U.S.C. 1692k.

## COUNT II, FAIR DEBT COLLECTION PRACTICES ACT
### Against Defendant Kraft Only

26. Plaintiff re-alleges and incorporates the above paragraphs as if fully set out herein.

27. Defendant Kraft is a debt collector as that term is defined in the FDCPA because it regularly attempts to collect debts allegedly due another through the use of the U.S. mails and/or telephones in interstate commerce.

28. The debt that Kraft was trying to collect from the Plaintiff was a consumer debt because the apartment was rented for his own personal use.

29. Defendant Kraft violated the FDCPA by attempting to collect "any amount not authorized by the agreement creating the debt" by attempting to collect the $1,447.50 termination fee which was not authorized by the underlying agreement – 15 U.S.C. 1692f(1).

30. Defendant Kraft violated the FDCPA by giving an unfair and deceptive "verification" in response to Plaintiff's January 18, 2012 dispute letter by simply writing back that the lease proved he owed the debt, when in fact, the lease proved that the $1,447.50 termination fee was not authorized by the lease.  15 U.S.C. 1692(e)(10) and 15 U.S.C. 1692f.

31. Defendant Kraft's violations of the FDCPA caused the Plaintiff actual damages because the Plaintiff was frustrated that Kraft was attempting to collect a debt that wasn't authorized by the agreement, and the Plaintiff was fearful that Kraft would garnish his wages and/or bank accounts.

32. Defendant Kraft is therefore liable to the Plaintiff for actual damages, statutory damages of $1,000, together with reasonable attorney fees and costs pursuant to 15 U.S.C. 1692k.

WHEREFORE, the Plaintiff prays for the following relief:

    a.  Actual damages to be determined at trial;
    b.  Statutory damages of $1,000 against each Defendant;
    c.  Reasonable attorney fees and costs;
    d.  For such other relief as is proper;

Dated: April 3, 2012

s/ Matthew R. Osborne #40835
2055 S. Oneida St, Ste 370
Denver, CO 80224
(303) 759-7018
matthewosbornelaw@gmail.com